IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § |
| v. | §  Civil Action No. |
| | § |
| ECONOMY FINANCE CO., INC., | §  COMPLAINT AND |
| | §  JURY TRIAL DEMAND |
| Defendant. | § § |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful disability-related employment practices and to provide appropriate relief to Maribel Contreras, who was adversely affected by such practices. The Equal Employment Opportunity Commission alleges that Defendant, Economy Finance Company, Inc., required a medical examination and made disability-related inquiries of its employee, Ms. Contreras, in violation of Section 102 (d)(4)(A) of the ADA, 42 U.S.C. § 12112 (d)(4)(A). Moreover, the Equal Employment Opportunity Commission alleges that Economy Finance Co., Inc. discharged Ms. Contreras, in violation of Section 102 (a) of the ADA, 42 U.S.C. § 12112 (a), because it regarded her as disabled and/or because of her relationship or association with a disabled individual, ie., her husband, in violation of Section 102(b)(4) of the ADA, 42 U.S.C. § 12112 (b)(4).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Economy Finance Company, Inc. (the "Employer") has continuously been a Texas corporation doing business in the State of Texas and the City of Aransas Pass, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Maribel Contreras

filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

8.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.  On or about July 27, 2007, Defendant Employer engaged in unlawful employment practices at its Aransas Pass, Texas facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112 *et seq*. These practices include the following:

(a) First, in violation of Section 102 (d)(4)(A) of the ADA, 42 U.S.C. § 12112 (d)(4)(A), Defendant required as a condition of continued employment that its employee, Maribel Contreras, undergo a medical test for Hepatitis C (HCV) and to submit negative test results to Defendant.
(b) Second, Defendant discharged Maribel Contreras, in violation of Section 102 (a) of the ADA, 42 U.S.C. § 12112 (a), because it regarded her as disabled.
(c) Third, Defendant discharged Maribel Contreras, in violation of Sections 102(a) and (b)(4) of the ADA, because of her relationship or association with a disabled individual, ie., her husband.

10.  The effect of the practices complained of in paragraph 9 above has been to deprive Maribel Contreras of equal employment opportunities and to otherwise adversely affect her status as an employee because she was regarded as disabled, because of her association with a disabled person, and because she refused to submit to an medical examination prohibited by the ADA.

11.  The unlawful employment practices complained of in paragraph 9 above were intentional.

12.  The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Maribel Contreras.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from requiring its employees to undergo medical examinations prohibited by the ADA, from discharging employees because they are perceived as disabled and/or because they have an association or relationship with a disabled individual, and any other employment practice which discriminates on the basis of disability;

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and for qualified individuals who have an association or relationship with disabled individuals, and which eradicate the effects of its past and present unlawful employment practices;

C.   Order Defendant Employer to make whole Maribel Contreras by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Maribel Contreras, or front pay in lieu thereof;

D.   Order Defendant Employer to make whole Maribel Contreras by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

E.   Order Defendant Employer to make whole Maribel Contreras by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.   Order Defendant Employer to pay Maribel Contreras punitive damages for its malicious and reckless conduct, as described in paragraph 9 above, in amounts to be determined at trial;

G.   Grant such further relief as the Court deems necessary and proper in the public interest; and

H.   Award the Commission its costs.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> Respectfully submitted,
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> */s/ Robert A. Canino*
> *by permission by Edward Juarez*
> _____
> ROBERT A. CANINO
> Regional Attorney
> Oklahoma State Bar No. 011782
>
> */s/ Judith G. Taylor*
> *by permission by Edward Juarez*
> _____
> JUDITH G. TAYLOR
> Supervisory Trial Attorney
> Texas Bar No. 19708300
> Federal ID No. 14850
> E-mail:  judith.taylor@eeoc.gov
>
> /s/ *Edward Juarez*
> _____
> EDWARD JUAREZ
> Senior Trial Attorney
>
> Texas Bar No. 24014498

Federal ID No. 29845
E-mail: eduardo.juarez@eeoc.gov
Attorney-In-Charge

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**